## GITTENS v. ELLIOT.

(Supreme Court, Appellate Term. June 29, 1911.)

1. BROKERS (§ 35*)—CONVERSION.

Where defendant received money from the plaintiff with which to purchase a restaurant business, and defendant gave the money to one of whom he did, or expected to, purchase the restaurant, and, when the plaintiff asked for the return of the money, the vendor could not be found by the defendant, there is no conversion.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 27; Dec. Dig. § 35.*]

2. BROKERS (§ 29*)—BREACH OR FAILURE OF PERFORMANCE.

Where defendant received a sum of money from the plaintiff with which to purchase a restaurant business, and the defendant gave the money to one of whom he did, or expected to, purchase the restaurant, and where, at the time the plaintiff asked for the return of the money, the vendor could not be found by defendant there is no breach of contract.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 22; Dec. Dig. § 29.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Ernest M. Gittens against Thomas Elliot. From a judgment for plaintiff in the Municipal Court of the City of New York, plaintiff appeals. Affirmed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Aaron Kahn, for appellant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

PER CURIAM.  Plaintiff appeals from a judgment rendered in his own favor, upon the ground that the court below refused to insert in the judgment a clause authorizing the arrest and imprisonment of the defendant.

[1, 2] An examination of the testimony taken upon the trial shows that there is no proof sufficient to authorize the entry of any judgment whatever.  The most that can be spelled out of the obscure record is that the plaintiff gave the defendant the sum of $65 with which to purchase a restaurant business for the plaintiff, that the defendant gave the money to the man of whom he did or expected to purchase the restaurant, and that at the time the plaintiff asked for the return of the money the vendor could not be found by the defendant.  This testimony shows neither conversion nor breach of contract.

If the defendant had appeared in the lower court, and appealed, the judgment would have been reversed.  The defendant, however, is in default in appearing in either court, and the judgment must be affirmed, without costs.